UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **RICHARD HOPKINS** AND **JAMES HOPKINS**, <br><br>        PLAINTIFFS <br><br> v. <br><br> **DAVID CLARONI**, <br><br>        DEFENDANT | ) ) ) ) ) ) ) ) ) ) ) )  CIVIL NO. 1:13-CV-229-DBH |

**ORDER ON DEFENDANT'S MOTION IN LIMINE**

The defendant's Motion in Limine (ECF No. 129) is **GRANTED IN PART AND DENIED IN PART** as follows:

**1.** Evidence of costs or expenses related to the defense of the criminal proceedings against the plaintiff James Hopkins is excluded. The general rule is that any damages for false arrest end upon the issuance of process or arraignment. See Heck v. Humphrey, 512 U.S. 477, 484 (1994). James Hopkins has given no evidence why the general rule should not apply here. See, e.g., Burke v. McDonald, 572 F.3d 51, 58 (1st Cir. 2009). I understand from the summary judgment proceedings that James Hopkins went to trial, endured a mistrial and ultimately entered a *nolo contendere* plea. See Decision and Order on Cross-Mots. for Summ. J. and Def.'s Mot. to Strike 4 (ECF No. 87). There is no claim for malicious prosecution in this case, and there could not be, given the plaintiff James Hopkins' eventual entry of a *nolo contendere* plea. Id.; see also, Steeves v. City of Rockland, 600 F. Supp. 2d 143, 182 (D. Me. 2009) ("To make

out [a malicious prosecution] claim, a plaintiff must prove not only that criminal proceedings were instituted against him without probable cause and with malice, but also show that he received a favorable termination of the proceedings.") (quotation marks omitted); <u>Richards v. Town of Eliot</u>, 2001 ME 132, ¶ 33, 780 A.2d 281, 293 ("To succeed in her state law claim for malicious prosecution, [the plaintiff] must prove that criminal proceedings were instituted against her without probable cause and with malice, and that she received a favorable termination of the proceedings.") (quotation marks omitted).

    **2.**    I reserve ruling on the admissibility of the defendant Claroni's occupations or hobbies outside law enforcement until I hear his testimony.

    **3.**    I reserve ruling on how the *pro se* plaintiffs may present their own testimony. I understand that Magistrate Judge Nivison has discussed this matter with the parties and will do so again before or after jury empanelment in search of a practical solution.

**SO ORDERED.**

**DATED THIS 27TH DAY OF JANUARY, 2016**

    /S/ D. BROCK HORNBY
    **D. BROCK HORNBY**
    **UNITED STATES DISTRICT JUDGE**